IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRAHEIM PARKER | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-1609 |
| | : | |
| TINA WALKER et al. | : | |

**ORDER**

AND NOW, this 20th day of December, 2024, upon careful and independent consideration of Petitioner Braheim Parker's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and the Commonwealth's response thereto, and after review of the Report and Recommendation of United States Magistrate Judge Scott W. Reid and the precautionary objections filed by Parker, it is hereby ORDERED:

1. The Report and Recommendation (ECF No. 17) is APPROVED and ADOPTED.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Ground One, Parker's claim that trial counsel was ineffective for failing to object to the reasonable doubt jury instruction provided at his trial.[1]

---

[1] In granting relief on this claim, this Court joins the many other judges in this district who have found the jury instruction at issue to be unconstitutional. *See, e.g.*, *Vando v. Clark*, 652 F. Supp. 3d 509, 514-16 (E.D. Pa. 2023) (Robreno, J.); *Moore v. Rivello*, Civ. No. 20-838, 2022 WL 1749250, at *10 (E.D. Pa. May 31, 2022) (Pratter, J.); *Corbin v. Tice*, Civ. No. 16-4527, 2021 WL 2550653, at *7 (E.D. Pa. June 22, 2021) (Tucker, J.); *Edmunds v. Tice*, Civ. No. 19-1656, 2020 WL 6810409, at *8-9 (E.D. Pa. Aug. 31, 2020), *report and recommendation adopted by* 2020 WL 6799259 (E.D. Pa. Nov. 19, 2020) (Beetlestone, J.); *McDowell v. DelBalso*, Civ. No. 18-1466, 2019 WL 7484699, at *3-4 (E.D. Pa. Jan. 23, 2019), *report and recommendation adopted by* 2020 WL 61162 (E.D. Pa. Jan. 3, 2020) (Brody, J.); *Brown v. Kauffman*, 425 F. Supp. 3d 395, 408-10 (E.D. Pa. 2019) (Slomsky, J.); *Brooks v. Gilmore*, Civ. No. 15-5659, 2017 WL 3475475, at *3-5 (E.D. Pa. Aug. 11, 2017) (McHugh, J.). And, as carefully reasoned by Judge Reid in his report and recommendation, the failure of trial counsel to object to these instructions caused Petitioner prejudice.

3. All remaining grounds for relief are dismissed as moot.[2]

4. The Commonwealth is instructed to retry Petitioner or release him within 180 days.

5. The Clerk of Court is DIRECTED to mark this case CLOSED.

                BY THE COURT:

                /s/ Juan R. Sánchez
                Juan R. Sánchez, J.

---

[2] Because the Court dismisses these claims as moot, the Court need not address whether a certificate of appealability would be appropriate as to those claims.